IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BLUE RIDGE FINANCIAL, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-23-078-RAW-GLJ |
| **CSR WORLDWIDE OK, INC.,** ) | |
| **TROY D. BURGESS, and STEVEN** ) | |
| **F. BOMBOLA,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Blue Ridge Financial, Inc.'s Motion for Summary Judgment and Brief in Support [Docket No. 36]. On May 1, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636. *See* Docket No. 23. For the reasons set forth below, the undersigned Magistrate Judge now recommends that Plaintiff's Motion for Summary Judgment and Brief in Support should be GRANTED.

### Background

Plaintiff alleges that on or about February 21, 2022, Defendant CSR Worldwide OK, Inc. ("CSR") entered into an Equipment Finance Agreement ("Agreement") with P.A.R. Consulting, LLC d/b/a US Business Funding ("PAR") for a $250,000.00 loan to purchase industrial equipment. *See* Docket No. 36, p. 1 at ¶ 1. Under the Agreement, CSR agreed to pay Plaintiff sixty monthly installment payments of $5,592.95 each beginning February 2022, with an advance payment of $11,385.90 in the first month. *Id.*,

p. 2 at ¶¶ 3-5.  As part of the Agreement, Defendants Troy Burgess and Steven Bombola also executed personal guaranties, which provide, *inter alia*, that each "unconditionally guaranties the full and prompt performance and discharge of all present and future obligations under the Agreement…." *Id*., p. 2 at ¶ 6.  On February 21, 2022, Plaintiff acquired by assignment the full legal interest in the Agreement from PAR. *Id*., p. 3 at ¶ 8.  CSR made only eight of the thirteen monthly payments from February 2022 to March 2023 when the present action was filed, which was a default of the Agreement. *Id*., p. 3 at ¶¶ 11-12.  Based on the default, Plaintiff alleges all Defendants are liable to it for the principal balance due, costs, accrued interest at 18%, and attorney's fees. *Id*., p. 3 at ¶¶ 12-13.

On June 13, 2023, CSR filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code and Defendants subsequently sought and received application of the automatic stay to all Defendants. *See* Docket Nos. 32 & 33.  On September 1, 2023, CSR's bankruptcy action was dismissed and the automatic stay in this action terminated. *See* Docket No. 36, p. 5 at ¶¶ 19-20.

On October 5, 2023, Plaintiff filed its Motion for Summary Judgment and Brief in Support. *Id*.  On October 18, 2023, Defendants filed a Motion for Extension of Time to Respond to Motion, which was granted, *see* Docket Nos. 37 & 38, and on October 26, 2033, Defendants filed a second Motion for Extension of Time to Respond to Motion, *see* Docket Nos. 39 & 40.  Both motions were predicated, at least in part, on Defendants' counsel's difficulty in reaching their clients to gather information to prepare a response to the summary judgement motion.  *See* Docket Nos. 37 & 39.

On December 4, 2023, Defendants' counsel filed the Partially Opposed Motion to Withdraw as Counsel for Defendants & to Allow Defendants Time to Retain Substitute Counsel & Respond to Plaintiff's Outstanding Motion.  *See* Docket No. 42.  Specifically, counsel alleged that there had been "a breakdown in the attorney-client relationship" such that they could "no longer effectively be able to represent Defendants' interests in that Counsel has lost contact with Defendants and has been unable to contact and communicate with Defendants regarding their defense in this matter."  *Id*., ¶ 1.  On December 5, 2023, the undersigned Magistrate Judge granted the motion to withdraw and further ordered that the "individual Defendants have 30 days, or until Thursday, January 4, 2024, to enter an appearance pro se or obtain new counsel. Defendant CSR Worldwide OK, Inc., has 30 days to obtain new counsel. Counsel is directed to notify Defendants of this Court's Order and to certify the same as required in Loc. Civ. R. 83.5. Defendants' Responses to [36] Plaintiff's Motion for Summary Judgment and Brief in Support are due the earlier of thirty days after the entry of appearance of new counsel (or a pro se appearance for the individual Defendants), or by Monday, February 5, 2024."  *See* Docket No. 42.  Defendants' counsel subsequently filed an affidavit certifying that they mailed the order regarding the withdraw of counsel to the Defendants at their last known mailing and email addresses.  *See* Docket No. 43.

To date, substitute counsel has not entered an appearance on behalf of any Defendant and neither Burgess nor Bombola entered appearances *pro se* on behalf of themselves.  Also, to date, none of the Defendants responded to Plaintiff's summary judgment motion.

## Analysis

Plaintiff moves for summary judgment under Fed. R. Civ. P. 56.1 and LCvR 7.1 on the basis that Defendants are parties to the Agreement, CSR is in default and, as borrowers and guarantors, Defendants are liable for the amounts owed under the Agreement.

### I.     Applicable Standard

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record ... or ... showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

### II.     Defendants Failure to Respond to the Motion

The Defendants filed their Motion on October 5, 2023. Based on the various motions and this Court's Order, Defendants' responses were due, at the latest, February 5, 2024. *See* Docket No. 42. To date, none of the Defendants responded, sought leave to extend the time to respond or provided a basis for finding any excusable neglect for a late filing. *See, e.g.*, Fed. R. Civ. P. 6(b)(1). As a general matter:

> a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Reed v. Bennett*, 312 F.3d 1190, 1195, (10th Cir. 2002) (emphasis added). As set forth below, the undersigned Magistrate Judges accepts as true all material facts alleged by Plaintiff and supported in the motion and, as a result, there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law.

**III.     CSR's Liability Under the Agreement**

Pursuant to the Agreement, the parties chose to have it governed by the laws of the State of Virginia. Because Defendants did not respond to or controvert any facts asserted in the Motion, the Court accepts those material facts as true. *See Reed*, 312 F.3d at 1195. As such, it is undisputed that CSR is a party to the Agreement, agreed to make payments provided therein and in the event of default to be liable for all unpaid amounts owed, costs, interest at 18%, and attorney's fees. *See* Docket No. 36, p. 3 at ¶ 12. The Agreement's provisions are clear and unambiguous. *See, e.g., Cent. Tel. Co. of Virginia v. Spring Commc'ns Co. of Virginia*, 759 F.Supp.2d 789, 803 (E.D. Va. 2011), *aff'd*, 715 F.3d 501 (4th Cir. 2013) ("Whether a contract is ambiguous is a question of law for the court's determination. Ambiguity has a particular meaning under Virginia law; the mere fact that

parties disagree over a contract's terms does not equate to ambiguity."). Given that the Agreement's terms are clear and unambiguous, the terms are accepted in their plain and ordinary sense and the Agreement should be enforced as written. *See Evanston Ins. Co. v. Harbor Walk Dev., LLC*, 814 F.Supp.2d 635 643 (E.D. Va. 2011).

It is undisputed that by failing to make the monthly payments as agreed, CSR is in default. *See Fulton Bank, N.A. v. Monticello Woods Active Adult, LLC*, 2020 WL 7379080, at *4 (E.D. Va. Dec. 15, 2020) ("undisputed facts establish that the original borrower, MWAA, defaulted on its obligations under the Loan Documents by failing to pay sums as they became due."). It is also undisputed that the remedies in the event of a default are set forth in the Agreement. Lastly, it is undisputed that because of CSR's default, it owes Plaintiff the following: $296,033.40 in principal; $6,462.30 in costs; accrued interest at 18%; and attorney's fees. *See* Docket No. 36, p. 3 at ¶ 13. Therefore, the undersigned Magistrate Judge concludes that judgment should be entered for Plaintiff against CSR in the amounts specified above and with the interest and attorney's fees to be set forth in a separate motion by Plaintiff.

### IV. Burgess and Bombola's Liability as Guarantors

It is undisputed that Burgess and Bombola each signed the Agreement as guarantors, specifically agreeing to "unconditionally guaranties the full and prompt performance and discharge of all present and future obligations under the Agreement…." *See* Docket No. 36, p. 2 at ¶ 6. Under Virginia law, a guaranty is:

> an independent contract, by which the guarantor undertakes, in writing, upon a sufficient undertaking, to be answerable for the debt, or for the performance of some duty, in case of the failure of some other person who is primarily

6

> liable to pay or perform. In an action to enforce an independent contract of guaranty, the obligee is proceeding on the guaranty, not on the underlying note. Thus, to recover on a guaranty, the obligee must establish, among other things, the existence and ownership of the guaranty contract, the terms of the primary obligation and default on that obligation by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty contract.

*City Nat'l Bank v. Tress*, 2013 WL 3879689, at *2 (W.D. Va. July 26, 2013) (quoting *McDonald v. Nat'l Enters. Inc.*, 547 S.E.2d 204, 207 (Va. 2001)). Thus, to recover on a guaranty, Plaintiff must establish: "1) the existence and ownership of the guaranty contract; 2) the terms of the primary obligation; 3) default on that obligation by the debtor; and 4) nonpayment of the amount due from the guarantor under the terms of the guaranty contract." *Id*.

As guarantors, Burgess and Bombola are obligated to repay all outstanding amounts due under the Agreement. *See, e.g.*, *Crescom Bank v. Terry*, 610 Fed. Appx. 221, 230 (4th Cir. 2015) ("Under the guaranty agreements, [guarantor] is obligated to pay [borrower's] entire outstanding debt to [lender], including interest and fees, even though any other person obligated to pay Indebtedness, including Barrower, has such obligation discharged in bankruptcy.") (internal quotes omitted); *Auto. Fin. Corp. v. EEE Auto Sales, Inc.*, 2011 WL 2580399, at *4 (E.D. Va. June 28, 2011) ("Under the terms of those agreements, the [g]uarantor defendants jointly and severally guaranteed the prompt and unconditional performance and payment of all current and future obligations and liabilities of [borrower] to [lender], and explicitly guaranteed to pay the [borrower] dealerships' debts if those defendants defaulted on their loans.").

7

As noted above, it is undisputed that CSR defaulted on its payment obligations under the Agreement. As a result, it is also undisputed that Burgess and Bombola, as guarantors, are also obligated to make the required payments under the Agreement. Having failed to do so, Burgess and Bombola are in breach of their guarantor obligations. Therefore, the undersigned Magistrate Judge concludes that judgment should be entered for Plaintiff against Burgess and Bombola as follows: $296,033.40 in principal; $6,462.30 in costs; and accrued interest at 18% and attorney's fees to be determined by separate motion by Plaintiff.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment and Brief in Support [Docket No. 36] be GRANTED and judgment for Plaintiff against Defendants entered as follows: $296,033.40 in principal; $6,462.30 in costs; and accrued interest at 18% and attorney's fees to be determined by separate motion by Plaintiff. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 10th day of April, 2024.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**